AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Andrew Perrong <br> *Plaintiff(s)* <br> v. <br> Macy's Inc., Department Stores National Bank, FDS Bank and Macy's Credit and Customer Services, Inc. <br> *Defendant(s)* | Civil Action No. 18-cv-1382 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Macy's Credit and Customer Services, Inc.
c/o its registered agent for service of process:
CORPORATE CREATIONS NETWORK INC
119 E. COURT STREET
CINCINNATI, OH 45202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Clayton S. Morrow, Esq
304 Ross Street, 7th Floor
Pittsburgh, PA 15219

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 4/4/2018

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 18-cv-1382

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Macy's Credit & Customer Services, c/o Corporate Creations Netwo
was received by me on *(date)* 4-20-18 .

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there, on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Suzanne Kaluti , who is designated by law to accept service of process on behalf of *(name of organization)* Macy's Credit & Customer Services, c/o Corporate Creations Network @ 9:58 am on *(date)* 4-24-18 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*: _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 4-24-18

*Brittian Daudel*
Server's signature

Brittian Daudelin, Process Server
Printed name and title

817 Main St., Ste. 400, Cincinnati, OH 45202
Server's address

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, <br><br> Plaintiff, <br><br> v. <br><br> MACY'S INC., DEPARTMENT STORES NATIONAL BANK, FDS BANK and MACY'S CREDIT AND CUSTOMER SERVICES, INC., <br><br> Defendants. | NO. <br><br> COMPLAINT—CLASS ACTION <br><br> DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff Andrew Perrong, by his undersigned counsel, for this class action complaint against Defendants Macy's Inc., Department Stores National Bank, FDS Bank and Macy's Credit and Customer Services, Inc. and their present, former and future direct and indirect parent companies, subsidiaries, affiliates and agents (collectively, "Macy's"), alleging as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>: Macy's made 30 nonconsensual, nonemergency collections calls with prerecorded or artificial voices to a phone number for which Mr. Perrong was charged for incoming calls, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The telephone calls transmitted a prerecorded voice insisting that Plaintiff contact Macy's about a "personal business matter," although Plaintiff had no outstanding business matters with Macy's, personal or otherwise. Despite Plaintiff's hanging up and telling Macy's that he was not the person it was looking for, Macy's continued its relentless barrage of calls.

2. Mr. Perrong brings this action on behalf of himself and all those similarly situated, in hopes that an injunction and damages will encourage Macy's to stop robocalling or at least check whether it is robocalling the right person.

DATE OF NOTICE: April 6, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW PERRONG | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| MACY'S INC., ET AL, | : | |
| *Defendants.* | : | No. 18-1382 |

## NOTICE OF INITIAL PRETRIAL CONFERENCE

An **INITIAL PRETRIAL CONFERENCE ("IPTC")** in the above-captioned matter will be held on Thursday, June 7, 2018, at 10:00 a.m. with the Honorable Gene E.K. Pratter in Chambers, Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

**Attached are (1)** the Court's Notice to Counsel: Scheduling and Discovery Policy;[1] **(2)** the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI");[2] and **(3)** the Court's Template and Expectations for Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan.[3] Plaintiff(s) shall serve promptly a copy of this Notice and the accompanying documents on all Defendants.[4] Counsel should become familiar with these documents, and should submit a Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan, drafted in accordance with the Court's Template and Expectations and in compliance with Federal Rule of Civil Procedure 26(f), **at least three *business* days prior** to the

---

[1] *Also available at* https://www.paed.uscourts.gov/documents/procedures/notices/prapol6.pdf.

[2] *Also available at* https://www.paed.uscourts.gov/documents/procedures/prapol4.pdf.

[3] *Also available at* https://www.paed.uscourts.gov/documents/procedures/prapol5.pdf.

[4] If a defendant is unrepresented at the time Plaintiff's counsel receives this Notice, the copy should be sent to the defendant. If counsel enters an appearance for defendant after the notice has been forwarded but before the conference then Plaintiff's counsel shall promptly forward a copy of this Notice to defense counsel.

1

**12/14 ED.**

JUDGE GENE E.K. PRATTER
United States District Court
Eastern District of Pennsylvania

**NOTICE TO COUNSEL: SCHEDULING AND DISCOVERY POLICY**

1. An Initial Pretrial Conference (IPTC), as described in Federal Rule of Civil Procedure 16, generally will be held in Chambers as promptly as possible, typically between 60 and 90 days after the filing of the complaint.

2. Preliminary Motions (e.g., motions to dismiss, motions to transfer, add parties, and other threshold motions) should be filed, whenever possible, before the IPTC or at least as promptly as practical. At the very least, plans for such motions should be highlighted in the parties' Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan (see attached).[1] The prospect of motions for summary judgment, in particular, should be noted in the Joint Report and at the IPTC.

3. The IPTC will last approximately 30 minutes. If it is truly impossible for lead trial counsel or adequately prepared substitute counsel to attend the IPTC, counsel should very promptly contact the Court in writing[2] (with copy to all other counsel) and the Court will determine whether the IPTC will be rescheduled to permit in-person attendance by a knowledgeable professional. Such requests should be made as far in advance of the scheduled conference as possible. Last minute requests should be accompanied by verifiable excuse both for the delay in making the request and the reason for the request.

---

[1] *Also available at* https://www.paed.uscourts.gov/documents/procedures/prapol5.pdf.

[2] Chambers of Judge Gene E.K. Pratter, Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA. Fax: 267-299-5070.

1

12/14 ED.

JUDGE GENE E.K. PRATTER
United States District Court
Eastern District of Pennsylvania

# CHECKLIST FOR RULE 26(f) MEET AND CONFER REGARDING ELECTRONICALLY STORED INFORMATION ("ESI")

In cases in which the discovery of electronically stored information is likely to be a significant cost or burden, the Court encourages the parties to engage in ongoing meet-and-confer discussions and use the following Checklist to guide those discussions. While the Court does *not* expect to receive this checklist from counsel, the Court recommends that all counsel retain a copy of it in the event of subsequent disputes.

The parties' discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the Checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

## I. Preservation

- ☐ The ranges of creation or receipt dates for any ESI to be preserved.
- ☐ The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).
- ☐ The description of data from sources that the party (a) believes could not contain relevant information but (b) has determined, under proportionality factors, should not be preserved.
- ☐ Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of emails, voicemails, and other electronically recorded material.
- ☐ The names, general job titles, or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).
- ☐ The number of custodians for whom ESI will be preserved.
- ☐ The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.
- ☐ Any disputes related to the scope or manner of preservation.

## II. Liaison

- ☐ The identity of each party's e-discovery liaison.

1

12/14 ed.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PLAINTIFF [et al.],** | : | |
| *Plaintiff[s]*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. ##-#### |
| **DEFENDANT [et al.],** | : | **Judge Gene E.K. Pratter** |
| *Defendant[s]*. | : | *[DO NOT FILE[1]]* |

**[Template and Expectations for]**
**JOINT REPORT OF RULE 26(f) MEETING**
**AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's policies and procedures, counsel for the parties conferred on *[DATE]* and hereby submit the following Report of their meeting for the Court's consideration:

**Claims, Defenses, and Relevant Issues (Rule 26(f)(2))**

The Court takes seriously Rule 26(f)(2)'s mandate that the parties confer and discuss these issues, and the parties should refer to the Rule in addition to this template.[1]

Counsel should assume that the Court has read the pleadings. However, the facts supporting the claims and defenses may be unknown. Counsel should therefore *concisely* (one or two paragraphs) set forth the factual background that the parties contend supports their claims and defenses.

Counsel should summarize their discussion of primary issues, threshold issues (including, for instance, jurisdictional issues), and those issues on which the parties will need to conduct

---

[1] Submit this Joint Report to Chambers, Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA 19106, or by fax, 267-299-5070. *Do not file it on ECF or with the Clerk.*

1

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ANDREW PERRONG

    PLAINTIFF(S)

VS.

MACY'S INC., DEPARTMENT STORES NATIONAL BANK, ET AL.

    DEFENDANT(S)

CASE# 18-CV-1382

**AFFIDAVIT OF SERVICE**

STATE OF OHIO      ) 
                            ) SS.
COUNTY OF HAMILTON )

TO:  MACY'S CREDIT AND CUSTOMER SERVICES, INC.
        c/o CORPORATE CREATIONS NETWORK INC.
        119 E. COURT STREET
        CINCINNATI, OH 45202

**Brittian Daudelin** PERSONALLY APPEARED BEFORE ME, WHO BEING FIRST DULY SWORN, SAYS THAT HE SERVED A COPY OF THE **SUMMONS; COMPLAINT; NOTICE OF INITIAL PRETRIAL CONFERENCE; NOTICE TO COUNSEL: SCHEDULING AND DISCOVERY POLICY; CHECKLIST FOR RULE 26(F); JOINT REPORT OF RULE 26(F)** UPON THE ABOVE NAMED PARTY ON THE **24th** DAY OF **April**, 20**18**, AT APPROXIMATELY **9:58 A**.M.

( )  BY DELIVERING TO AND LEAVING WITH THE NOTICED PARTY PERSONALLY;

( )  BY DELIVERING TO AND LEAVING WITH _____, A PERSON OF DISCRETION RESIDING AT THE RESIDENCE OF THE SAID NOTICED PARTY;

( )  BY DELIVERING AND LEAVING WITH _____, THE REGISTERED AGENT FOR THE NOTICED PARTY;

(✓)  BY DELIVERING AND LEAVING WITH **Suzanne Kaluti, Front Desk**, AN EMPLOYEE OF THE BUSINESS LISTED FOR THE NOTICED PARTY, AUTHORIZED TO ACCEPT SERVICE, IN ABSENCE OF PARTIES LISTED FOR SERVICE ON CIVIL ACTION SUMMONS (SEE NOTES BELOW)

( )  BY **POSTING** A COPY OF SAID ABOVE REFERENCED DOCUMENTS AT/WITH _____ ON THE _____ DAY OF _____, 20___, AT APPROXIMATELY _____ ___M.

( )  SERVICE NOT OBTAINED (PLEASE SEE NOTES BELOW)

(NOTES) _____

RECEIVED BY: _____[signature]_____    SERVICE DATE: **4-24-18**    TIME: **9:58 am**

( )  DESCRIPTION:
    SEX: ___ MALE  ✓ FEMALE
    SKIN: ✓ WHITE  ___ BLACK  ___ YELLOW  ___ BROWN  ___ RED
    HAIR: ___ BLACK  ✓ BROWN  ___ BLONDE  ___ GRAY  ___ RED  ___ BALD
    AGE: ___ 16-20  ___ 21-35  ___ 36-50  ✓ 51-65  ___ 65+
    HEIGHT: ___ UNDER 5'  ___ 5'-5'3"  ✓ 5'4"-5'8"  ___ 5'9"-6'  ___ 6'+
    WEIGHT: ___ <100LBS  ___ 100-130  ✓ 131-160  ___ 161-200  ___ >200LBS

_____[signature: Brittian Daudel]_____
PROCESS SERVER

LITIGATION SUPPORT SERVICES
817 MAIN STREET, SUITE 400
CINCINNATI, OHIO 45202-2153

SWORN TO BEFORE ME THIS **24th** DAY OF **April**, 20**18**.

_____[signature]_____
OH/KY NOTARY PUBLIC · COMM. EXP.: **6/17/20**

[Notary Public State of Ohio seal]